# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TONYA SUE BARBER,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:18-cv-374  
Barrett, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on the Commissioner's motion to remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 14), plaintiff's response in opposition (Doc. 15), and the Commissioner's reply memorandum in support of the motion (Doc. 16).

**I. Background**

Plaintiff protectively filed an application for supplemental security income (SSI) on December 20, 2013, alleging an onset date of disability of December 20, 2013. (Tr. 22). Administrative Law Judge (ALJ) Peter Beekman held a video hearing on June 21, 2017, and issued a decision denying plaintiff's claim for benefits on July 26, 2017. (Tr. 22-38). After the Appeals Council denied review, plaintiff appealed ALJ Beekman's decision to this Court on June 1, 2018. (Doc. 1). Plaintiff filed her statement of errors on September 25, 2018. (Doc. 9). Thereafter, the Court granted the Commissioner two extensions of time in which to file a memorandum in opposition to plaintiff's statement of errors. (Docs. 11, 13). The final deadline for the Commissioner's memorandum was January 9, 2019. (Doc. 13). The Commissioner did not file a memorandum in opposition and instead filed the present motion to remand on January 28, 2019. (Doc. 14).

While plaintiff's appeal was pending in this case she was awarded disabled widow's

benefits on a subsequently filed application in 2018. (Doc. 15 at 5-6). Plaintiff was given a disability onset of July 27, 2017—the day after ALJ Beekman's decision denying SSI benefits in the present case. (*Id.* at 2, 5-6).

## II. The Commissioner's Motion to Remand

The Commissioner concedes "that the ALJ committed errors in evaluating the evidence and as such, a remand for further evaluation of the evidence and a new decision is warranted" on plaintiff's SSI claim. (Doc. 14 at 1). The Commissioner states that the parties attempted to negotiate a joint motion to remand but were unsuccessful. Because plaintiff did not want the favorable decision on her widow's claim to be disturbed on a remand ordered by this Court on her SSI claim,[1] plaintiff opposed a joint motion to remand her SSI claim. (*Id.*).

Plaintiff opposes the motion for remand and seeks three alternative forms of relief: (1) a decision on the merits of her appeal to include a reversal and remand for an immediate award of

---

[1] HALLEX I-1-10-55(F) governs situations where a court remands a final decision for a claimant who is determined disabled on a subsequent application:

> If the subsequent allowance is supported, the AC [Appeals Council] will either:
>
> • Issue a fully favorable decision that affirms the subsequent allowance or references but does not disturb the subsequent allowance;
> • Propose a partially favorable decision (by establishing an earlier onset date based on the evidence in the subsequent claim) and a partial remand of the prior claim, if necessary, affirming the allowance and limiting the scope of the remand to the appropriate remaining period to be adjudicated; or
> • Issue a remand order, affirming the allowance and limiting the scope of the remand to the appropriate remaining period to be adjudicated.
>
> If the subsequent allowance is not supported, the AC will decide whether to reopen the subsequent allowance when it acts on the voluntary remand under 20 CFR 404.988 and 416.1488.
>
> If the AC determines that reopening is appropriate, the AC will issue an interim notice advising the claimant that it is reopening the subsequent allowance and remanding the subsequent claim to an ALJ for further proceedings and consolidation with the prior claim.
>
> If it is unclear whether the subsequent allowance is supported and there is no basis to reopen the subsequent allowance, the AC remand order will neither affirm nor reopen the allowance and will limit the scope of the remand to the appropriate remaining period to be adjudicated.

HALLEX I-1-10-55(F) (available at https://www.ssa.gov/OP_Home/hallex/I-01/I-1-10-55.html).

SSI benefits as of her alleged onset date of December 20, 2013[2]; (2) an order directing the Commissioner to "defend the ALJ's final decision" on her SSI claim; or (3) an order directing the Commissioner to produce the medical records considered in conjunction with plaintiff's 2018 application for disabled widow's benefits so the Court can review the Commissioner's onset date determination of July 27, 2017 in the widow's claim to determine whether an earlier onset date of disability is justified. Plaintiff further requests that if the Court grants the Commissioner's motion to remand, the Court should direct the Commissioner on remand to solely consider plaintiff's SSI disability claim from December 20, 2013 (plaintiff's alleged onset date) through July 26, 2017 (the date of ALJ Beekman's decision) without disturbing or reviewing the favorable disability decision plaintiff received on her disabled widow's claim. (Doc. 15).

The Commissioner argues that ordering the Commissioner to defend ALJ Beekman's decision would be futile because it concedes the ALJ's decision is not supported. The Commissioner also argues that any remand by this Court should not include an order requiring the Commissioner to preserve the favorable disability finding in plaintiff's widow's benefits claim. (Doc. 14 at 2). The Commissioner contends that the decision on plaintiff's disabled widow's claim is not before this Court, and the Court lacks jurisdiction to consider that claim. The Commissioner also argues that plaintiff's request for a Court order preserving the subsequent disabled widow's benefits decision is "against the policy underlying exhaustion of administrative remedies" and would circumvent established administrative procedures for handling remand claims where a claimant has been found disabled on a subsequent application. (*Id.* at 4). The Commissioner explains that upon remand of a final decision for a claimant who

---

[2] Counsel for plaintiff mistakenly references a disability onset date of "January 2014." (Doc. 15 at 3). However, as the ALJ found, plaintiff protectively filed her SSI application with a disability onset date of December 20, 2013. (Tr. 22).

3

was determined disabled in a subsequent decision, the Appeals Council "will review the file for information concerning the subsequent allowance and will make a determination as to how the subsequent decision is affected." (*Id.* at 5) (citing HALLEX I-1-10-55(F)). Finally, the Commissioner asserts that the Court lacks jurisdiction to order the Commissioner to produce the medical records related to plaintiff's favorable disability decision on her disabled widow's application. (Doc. 16 at 3).

### III. Resolution

The Commissioner has conceded that the ALJ's decision is not supported by substantial evidence and should be reversed. Therefore, ordering the Commissioner to defend this case on its merits, as plaintiff requests, would be a useless gesture.

The Court does not have jurisdiction to order the Commissioner to produce the medical records submitted in connection with plaintiff's 2018 disabled widow's application or to review the onset date selected by the Commissioner as plaintiff requests. The 2018 application is not before the Court and there is no indication that plaintiff had a hearing on this application, which is a prerequisite to federal court review. *See* 42 U.S.C. § 405(g) (limiting judicial review to "any final decision of the Commissioner of Social Security *made after a hearing to which he was a party*. . . ."). Plaintiff has not cited any legal authority justifying such a request and the Court is aware of none.

In addition, to the extent the Court determines that remand of this matter for further proceedings is warranted, plaintiff is not entitled to an order limiting the scope of remand to a reconsideration of the merits of plaintiff's December 2013 SSI application and prohibiting the reopening and reexamination of her favorable disabled widow's benefits decision. This precise issue was aptly addressed by the court in *Davis v. Astrue*, No. 10-cv-404, 2011 WL 5006936, at

4

*2 (D.N.H. Oct. 20, 2011):

> Davis [the plaintiff] is effectively asking this court to prevent the Commissioner from consolidating the two cases upon remand, thereby reopening her second application. As both parties recognize, Davis's second application for benefits is not before me. I have no jurisdiction to either authorize or preclude the Commissioner from reopening that application. *See Encarnación v. Astrue*, 724 F. Supp.2d 243, 245 (D.P.R. 2010) ("The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court."). The Commissioner "may reopen a final determination or decision on [his] own initiative" and "may revise that determination or decision" provided that certain conditions are met. 20 C.F.R. § 404.987(b). Given that Davis received the notice of the initial determination on her second application on November 22, 2010, the Commissioner is still within the 12-month period when he may reopen the determination "for any reason." 20 C.F.R. § 404.988(a). If the 12-month period passes, the Commissioner would need to "find good cause, as defined in § 404.989, to reopen the case." 20 C.F.R. § 404.988(b). Because Congress has committed the decision on reopening a case to the discretion of the Commissioner, subject to compliance with the regulations, I am without authority to preclude him from doing so by limiting the scope of remand to prevent the consolidation of the two determinations regarding Davis's disability benefits.

*Davis v. Astrue*, No. 10-cv-404, 2011 WL 5006936, at *2 (D.N.H. Oct. 20, 2011)

In the instant case, plaintiff's initial determination on her disabled widow's application is likewise still within the 12-month period for reopening by the Commissioner. (Doc. 15 at 5-6). Plaintiff has failed to cite any legal authority that would allow this Court to prohibit the Commissioner from reopening plaintiff's disabled widow's decision and limit the Commissioner's review solely to plaintiff's SSI application for the period of December 20, 2013 through July 26, 2017.

At this juncture, the only question before the Court is whether to reverse and remand plaintiff's SSI application for an award of benefits or reverse and remand for further proceedings, including further consideration of the evidence.

The Commissioner seeks the latter remedy and asks this Court to remand this matter for further evaluation of the evidence and a new decision as warranted. (Doc. 14 at 1). However, the Commissioner fails to explain why a remand for further administrative proceedings, as

5

opposed to a reversal and remand for an outright award of benefits, is the appropriate outcome in this case. In the motion for remand, the Commissioner does not make any arguments or cite any evidence in favor of a remand for further proceedings. It is not until the Commissioner's reply brief that the Commissioner first sets forth any argument or evidence in support of a remand for further administrative proceedings, which is not the proper procedure. *See Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."). The Commissioner cannot be permitted to reserve argument and evidence until the reply brief and thereby sandbag the plaintiff who has no opportunity to respond. The Court declines to review the Commissioner's arguments in support of remand, none of which the Commissioner timely raised in the motion for remand. Therefore, the Commissioner's motion for remand is **DENIED**.

Because the parties agree that the ALJ's decision is fatally flawed and cannot be defended, the only issue in this appeal is whether this matter should be reversed and remanded for further administrative proceedings or reversed for an immediate award of benefits. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

The Commissioner is **ORDERED** to file a brief by **June 24, 2019** addressing the issue of

whether this matter should be reversed and remanded for further administrative proceedings or reversed for an immediate award of benefits. Plaintiff is ordered to file a reply brief by **July 8, 2019**.

**IT IS SO ORDERED.**

Date: 6/4/19

Karen L. Litkovitz
United States Magistrate Judge