UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA SUE BARBER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:18-cv-374
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Tonya Sue Barber brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for supplemental security income (SSI). This matter is before the Court on the Commissioner's memorandum in support of a remand for further proceedings (Doc. 18) and plaintiff's memorandum seeking a reversal for an immediate award of benefits (Doc. 19).

**I. Procedural Background of Administrative Proceedings**

Plaintiff protectively filed an application for SSI on December 20, 2013, alleging an onset date of disability of December 20, 2013. (Tr. 22). Administrative Law Judge (ALJ) Peter Beekman held a video hearing on June 21, 2017, and issued a decision denying plaintiff's claim for benefits on July 26, 2017. (Tr. 22-38). After the Appeals Council denied review, plaintiff appealed ALJ Beekman's decision to this Court on June 1, 2018. (Doc. 1).

While plaintiff's SSI appeal was pending in this Court, she was awarded disabled widow's benefits on a subsequently filed application in 2018. (Doc. 15 at 5-6). Plaintiff was given a disability onset date of July 27, 2017—the day after ALJ Beekman's decision denying SSI benefits in the present case. (*Id.* at 2, 5-6).

In response to plaintiff's statement of errors (Doc. 9), the Commissioner filed a unilateral motion for voluntary remand under sentence four of 42 U.S.C. § 405(g) and requested a remand to the Appeals Council for further review and issuance of a new decision by, as appropriate, the Appeals Council or an ALJ. (Doc. 14). The Commissioner concedes "that the ALJ committed errors in evaluating the evidence and as such, a remand for further evaluation of the evidence and a new decision is warranted" on plaintiff's SSI claim. (Doc. 14 at 1). Because plaintiff did not want the favorable decision on her widow's claim to be disturbed on a remand ordered by this Court on her SSI claim, plaintiff opposed the Commissioner's motion to remand her SSI claim. (*Id.*).

On June 4, 2019, the Court denied the Commissioner's motion to remand this matter and ordered the Commissioner to file a brief addressing the issue of whether this matter should be reversed and remanded for further administrative proceedings or reversed for an immediate award of benefits. (Doc. 17). Because the Commissioner concedes that the ALJ's decision cannot be defended, the only issue in this appeal is whether this matter should be reversed and remanded for rehearing or reversed for an immediate award of benefits. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Accordingly, the Court ordered the parties to file supplemental briefs on this remaining issue. This matter is now ripe for resolution.

**II. Legal Framework for Disability Determinations**

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or

in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### III. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

3

1. The [plaintiff] has not engaged in substantial gainful activity since December 20, 2013, the alleged onset date (20 CFR 416.971 et seq.).

2. The [plaintiff] has the following severe impairments: chronic obstructive pulmonary disease (COPD), anxiety disorder, and affective disorder (20 CFR 416.920(c)).

3. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the [ALJ] finds that the [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The [plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The [plaintiff] can stand and/or walk four hours in an eight-hour workday and sit six hours in an eight-hour workday. There is no limit on push/pull but foot pedals would be frequent. The [plaintiff] can frequently use ramps or stairs, never ladders, ropes, or scaffolds, constantly balance, frequently stoop, kneel, and crouch, but only occasionally crawl. The [plaintiff] has no manipulative, visual, or communications limitations. The [plaintiff] should avoid high concentrations of heat, cold, humidity, smoke, fumes, pollutants, and dusts, and should avoid entirely dangerous machinery and unprotected heights. The [plaintiff] can do no complex tasks but can do simple, routine tasks. The tasks should be low stress, meaning no high production quotas, no piece rate work, and no work involving arbitration, confrontation, negotiation, supervision, or commercial driving. The [plaintiff] should have only superficial contact with the public, meaning no contact more than five minutes per person and for a definite purpose. The [plaintiff] is also limited to no crowds, meaning more than 10 people at one time.

5. The [plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

6. The [plaintiff] was born [in] . . . 1967 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The [plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The [plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the [plaintiff's] past relevant work is unskilled (20 CFR 416.968).

9. Considering the [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 416.969 and 416.969(a)).

10. The [plaintiff] has not been under a disability, as defined in the Social Security Act, since December 20, 2013, the date the application was filed (20 CFR 416.920(g)).

(Tr. 24-38).

**IV. This matter should be reversed and remanded for further administrative proceedings.**

As indicated, the Commissioner concedes that the ALJ committed errors in evaluating the evidence in denying plaintiff's SSI application. (Doc. 14). Therefore, the only issue in this case is whether this matter should be reversed and remanded for an outright award of benefits as of plaintiff's alleged onset date of disability, December 20, 2013 (the protective filing date of her SSI application), or for further administrative proceedings.

In a case where the final decision of the Commissioner is not supported by substantial evidence, the Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 100. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec. of H.H.S.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

The Commissioner concedes that a remand is necessary in this case because despite giving "great weight" to the opinions of the state agency reviewing psychologists, Aracaelis Rivera, Psy.D., and Mary Hill, Ph.D., the ALJ did not account for all of their limitations in the RFC finding, nor did he provide an explanation as to why he did not credit them (Tr. 33). The Commissioner alleges that without further explanation, it is unclear whether the ALJ meant to accept the limitations, and if so, the effect such would have on plaintiff's ability to perform work in the economy, and ultimately, on the question of disability. (Doc. 18 at 1-2). However, the Commissioner does not concede that plaintiff's other assignments of error amount to reversible error. The Commissioner asserts that even if plaintiff's other assignments of error are credited, this matter should nevertheless be remanded for further proceedings because there continue to be factual issues that require resolution, including the resolution of conflicting evidence and further clarification of the opinions of record before a finding of "disabled" or "not disabled" can be made. (*Id*. at 7).

Plaintiff requests a reversal and remand for an immediate award of benefits as of her alleged onset date. Plaintiff contends the evidence is consistent that she cannot sustain a 40-hour work week and is disabled. Plaintiff alleges that the findings of her treating psychiatrist, Dr. Shivani, and the opinions of the consultative psychologists, Drs. Twehues and Griffith, whose opinions the state agency psychologists gave "great weight," are consistent and warrant a finding of disability. (Doc. 19 at 1-2). Dr. Shivani, who has treated plaintiff since July 2014, opined that plaintiff had a "poor" ability to deal with others on a job, deal with stress on a job, maintain attention and concentration, and persist on a job. (Doc. 19 at 1, citing Tr. 693-696). Dr. Twehues, who examined plaintiff in February 2014, opined that plaintiff would likely have difficulty with retention of information due to poor concentration, would be easily distracted, and

would have difficulty persisting on a job. (Doc. 19 at 1, citing Tr. 450). Plaintiff alleges that Dr. Griffith, who examined plaintiff in September 2014, "noted a low energy level with regard to work pace and noted withdrawing from others on a job." (Doc. 19 at 2, citing Tr. 497).[1]

In determining whether this matter should be remanded for an immediate award of benefits as of plaintiff's alleged onset date in December 2013, the Court must determine whether the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or whether the proof of disability as of December 2013 is overwhelming. *Faucher*, 17 F.3d at 176. For the reasons that follow, the Court concludes that this matter should be remanded for further proceedings.

Plaintiff argues that Dr. Shivani's medical assessment of her ability to do work-related activities, if properly weighed in accordance with Sixth Circuit precedent, is strong evidence of disability in this case. However, it is not clear from Dr. Shivani's ratings of "poor," which is defined as "ability to function in this area is seriously limited, but not precluded," means plaintiff is unable to perform any other substantial gainful activity in the national economy given her age, education, work history, and RFC. In *Colvin v. Barnhart*, 473 F.3d 727 (6th Cir. 2007), the Sixth Circuit examined the treating psychiatrist's assessment of the plaintiff, which was set forth on a form similar to that completed by Dr. Shivani. The Sixth Circuit rejected the notion that "a finding of 'seriously limited but not precluded' in an area is tantamount to a finding that one is unable to perform in that area." *Id*. at 731. The Court of Appeals reasoned:

> The plain meaning of "seriously limited but not precluded" is that one is not precluded from performing in that area. It defies logic to assert that a finding of "not precluded" actually means that one is precluded. Further, the medical assessment form used to evaluate Colvin's abilities also contained the "none" option, which is defined as "[n]o useful ability to function in this area." . . . (Medical Assessment). If Colvin were completely precluded from functioning in an area,

---

[1] Contrary to plaintiff's representation, Dr. Griffith reported that plaintiff worked at an adequate rate during the evaluation and *plaintiff*, not Dr. Griffith, "reported that her energy level is low." (Tr. 497).

7

> then [the treating psychiatrist] had the option of checking the "none" box on the medical assessment form, rather than checking the "poor" box.

*Id.* The vocational expert in *Colvin* testified that the "poor" rating in the relevant functional areas would not prevent the claimant from performing simple, routine, repetitive jobs because the areas in which the plaintiff was rated "fair" compensated for those areas that were rated "poor." *Id.* at 731-32. The Sixth Circuit upheld the ALJ's reliance on the VE's testimony and determined that a treating physician's opinion that an individual is "seriously limited but not precluded" in any functional area "requires a review of the entire record in order to judge whether the balance tips toward functional ability or toward disability." *Id.* at 731 (quoting *Cantrell v. Apfel*, 231 F.3d 1104, 1107-08 (8th Cir. 2000)).

In the instant case, like the physician in *Colvin*, Dr. Shivani rated plaintiff's functioning as "poor" in several work-related abilities and "fair" in others. (Tr. 694-95). At plaintiff's ALJ hearing, the VE was never asked for an opinion on plaintiff's ability to work based on Dr. Shivani's medical assessment of plaintiff's functioning. Thus, it is not clear whether plaintiff's "poor" functioning in several areas of work activity outweighs the "fair" functioning in other areas such that Dr. Shivani's assessment would constitute strong evidence of disability. This is a factual question that requires proper application of the treating physician rule and vocational testimony on the impact of Dr. Shivani's particular ratings on plaintiff's vocational abilities. These are matters that cannot be addressed by the Court in the first instance but require a remand for further proceedings.

In addition, it is not clear from the current record whether plaintiff's limitations assessed by Drs. Twehues and Griffith, the consultative examining psychologists, would preclude substantial gainful activity. The state agency reviewing psychologists gave "great weight" to the opinions of Drs. Twehues and Griffith, who opined that plaintiff would have limitations and

8

difficulties with concentration, retention of information, distractibility, and persistence on a job. The ALJ gave "great weight" to the opinions of the state agency psychologists but failed to include a number of the work-related limitations that the agency psychologists assessed, including those based on the opinions of Drs. Twehues and Griffith. It is not clear from the current record whether such additional work-related limitations would be work-preclusive, and the current record contains no vocational evidence addressing these limitations. These are additional matters that suggest a remand for further proceedings is appropriate in this case.

In addition, as noted above, the ALJ gave "great weight" to the opinions of the state agency psychologists, who in turn gave "great weight" to the opinions of Drs. Twehues and Griffith. However, without explanation, the ALJ then gave only "partial weight" to the opinions of the consultative examiners, which appears inconsistent with the weight the ALJ assigned to the state agency psychologists. As plaintiff rightly contends, "The ALJ did not explain this material inconsistency so that [t]his can be reviewed now." (Doc. 9 at 4). In the absence of a clear explanation by the ALJ of the factors he considered in giving "great weight" to the state agency psychologists while only "partial weight" to the consultative opinions, which were relied on and credited by the state agency psychologists, the Court is prevented from conducting meaningful judicial review of the ALJ's decision. *See May v. Astrue,* No. 3:09-cv-090, 2009 WL 4716033, at *10 (S.D. Ohio Dec. 9, 2009). The ALJ's lack of clarifying reasons is a matter appropriate for a remand for further proceedings.

Finally, the proof of disability as of the alleged disability onset date of December 20, 2013, is not particularly strong. Though the evidence of plaintiff's physical and mental impairments strongly suggests that plaintiff may have become disabled sometime before the ALJ's decision in July 2017, under the circumstances of this case, the determination of disability

and the onset date of disability are factual questions that must be determined by the Commissioner in the first instance.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Date: 8/12/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA SUE BARBER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:18-cv-374
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).