**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Tonya Sue Barber,

       Plaintiff,

vs.

Andrew Saul,[1]
Commissioner of
Social Security,

       Defendant.

Case Number: 1:18-cv-00374

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's August 12, 2019 Report and Recommendation ("R&R") that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 20).

When objections are received to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). The parties received proper notice pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters*, 638 F.2d 947 (6th

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019 and, consequently, is automatically substituted as a party in this matter. *See* FED. R. CIV. P. 25(d); *see also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Cir. 1981). Plaintiff filed timely objections (Doc. 21) and Defendant responded to those objections (Doc. 22).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. The Magistrate Judge found that the matter should be reversed and remanded for further administrative proceedings, as factual issues exist and are properly determined by the agency in the first instance. (Doc. 20). The Magistrate Judge declined to reverse and remand the matter for an outright award of benefits as of Plaintiff's alleged onset date of disability. (*Id.*).

In her objections, Plaintiff asks the Court to reject the R&R and either reverse the decision below and find her disabled as of January 2014 or reverse and remand the decision below for the limited determination of the proper onset date of disability. (Doc. 21). Plaintiff asserts that the Court should do so because "the proof of disability is strong going back to the January, 2014 onset date." (*Id.*). Plaintiff's objections are essentially the same arguments that she made in her Statement of Errors and Memorandum seeking a reversal for an immediate award of benefits. *Compare* (Doc. 21), *with* (Docs. 9, 19). Plaintiff's conclusory disagreement with the Magistrate Judge's finding that factual issues remain and recommendation to remand for additional proceedings and Plaintiff's reiterations of her prior arguments are not useful in resolving this matter. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of Plaintiff's obligation to make specific objections to an R&R); *see also Aldrich v. Bock,* 32 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a

magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a de novo review of the filings in this matter, the Court finds that the Magistrate Judge adequately addressed the parties' arguments and correctly determined that factual issues remain and a remand for further proceedings is proper and necessary. *See* FED. R. CIV. P. 72(b)(3). Plaintiff's conclusory and repetitive objections do not persuade the Court otherwise and the Court will adopt the R&R in its entirety.

Based on the foregoing, the Court **ADOPTS** the August 12, 2019 R&R in full (Doc. 20). Accordingly, the decision of the Commissioner is **REVERSED** and **REMANDED**, pursuant to Sentence Four of 42 U.S.C. § 405(g), and this matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                       _s/ Michael R. Barrett_____
                                                       Michael R. Barrett, Judge
                                                       United States District Court